UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MARISSA HENRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.    4:20-cv-40 |
| | ) |
| GAMING ENTERTAINMENT | ) |
| (INDIANA) LLC. | ) |
| d/b/a RISING STAR CASINO, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Comes now the Plaintiff, Marissa Henry ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Gaming Entertainment (Indiana) LLC, doing business as Rising Star Casino, ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") the Americans with Disabilities Act Amendments Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.* and Indiana law.

### PARTIES

2.      Plaintiff has resided within the Southern District of Indiana at all relevant times.

3.      Defendant is a corporation that operates and conducts business in the Southern District of Indiana.

### JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 12117, and 28 U.S.C. § 1367.

5.      Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4).

1

6.      Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(5)(A).

7.      Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8).  Plaintiff is a "qualified individual with a disability" and/or has been perceived by Defendants to be disabled.

8.      Plaintiff satisfied her obligation to exhaust her administrative remedies, having timely filed Charges of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received her "Dismissal and Notice of Rights" on her Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

9.      Plaintiff's state law claim arises from the same common nucleus of operative facts as his federal law claim and all of her claims thus form a single case and controversy under Article III of the United States Constitution.

10.     All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11.     Plaintiff, Marissa Henry, is a female, placing her in a protected class under Title VII.

12.     Henry was hired by Defendant as a dealer on or about February 21, 2017.

13.     At all relevant times, Henry has met or exceeded Defendant's legitimate performance expectations.

14.     Henry ended a consensual relationship with co-worker Phillip Luke Lundsford on or about June 3, 2018.  Thereafter, Lunsford began stalking and harassing Henry.

15.     Henry first complained to her supervisors that Lundsford was stalking and sexually harassing her on July 27, 2018.  She's complained about Lundsford's harassment on approximately twelve separate occasions.

16.     Defendant failed to take corrective action. Its remedy was to tell Henry to stay away from Lunsford.

17.     Lunsford inappropriately touched Henry on numerous occasions, including slapping her behind, waiting for her outside her car in Defendant's parking lot and entering her car without her permission, trying to kiss her, putting his hand on her inner thigh, and following her home, all without her consent.

18.   On or about August 24, 2018, Lundsford found Henry at Boondogles Pub, her family's business in Vevay, Indiana.  He told Henry "they'll never believe you, bitch," and threatened that if Henry reported him or said anything to Gina (Theunissen, Defendant's main shift manager), he would make sure she lost her job.

19.     Lunsford had a history of harassing other employees and had been terminated from Belterra Park Casino for harassing and stalking female employees.

20.     Defendant knew or should have known Lunsford's history of sexually harassing female co-employees and subordinates, but hired him and retained him nonetheless.

21.     On September 11, 2018, Henry obtained an ex parte order of protection against Lunsford from the Ohio County Circuit Court.  The order was extended following a hearing on October 9, 2018.  The order forbade Lunsford from speaking with Henry at Defendant's facility,

and states that "if at all possible, the parties should be placed on different shifts so that the potential for being in the same vicinity is reduced/eliminated."

22.     Henry provided Defendant's human resources department with copies of the orders of protection on or about September 11 and October 9, 2018, respectively.

23.     On October 3, 2018, Defendant put 13.5 performance points on Henry's record, purportedly due to a customer complaint.  Employees who receive 15 performance points are terminated.

24.     Henry had not been reprimanded by Defendant prior to October 3, 2018. Defendant failed to properly investigate the complaint made by a friend of Lunsford's, which would have revealed it as false.

25.     On October 8, 2018, Henry made a written report of Lundsford's sexual harassment of her to Defendant's human resources department, including his acts of harassment beginning in July, 2018.  Neither Defendant's management nor its HR personnel had previously directed her to put her complaints in writing.  Defendant failed to take corrective action.

26.     Henry has been diagnosed with a physical impairment which qualifies as a disability under the ADA.

27.     Henry notified Defendant of her impairment and requested that she not be scheduled on back-to-back night and day shifts as an accommodation.

28.     Defendant failed to grant Henry a reasonable accommodation for her disability.

29.     On February 6, 2019, Henry filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission, alleging sex discrimination, retaliation, hostile work environment, and disability discrimination.

30.     Henry's complaints and filing of a charge of discrimination constitute protected activity.

31.     Henry's counsel notified Defendant's General Manager by letter of February 5, 2019 that she intended the file the charge and enclosed a copy of the charge.

32.     On February 27, 2019, Defendant terminated Henry, stating that it was due to a guest complaint.

33.     Defendant's stated reasons for terminating and disciplining Henry are pretexts for disability discrimination, retaliation for her requests for accommodation and/or complaints of a hostile work environment and/or sexual harassment and her filing of a charge of discrimination. Similarly-situated non-disabled employees who did not complain, request accommodation, or file a charge have been treated more favorably than Henry.

34.     Upon information and belief, other dealers who were male, did not make complaints of sexual harassment, and/or did not file charges of discrimination were treated more favorably by Defendant.

35.     Defendant's actions were intentional, willful, and in reckless disregard of Charging Party's rights as protected by Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

36.     Plaintiff has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT I
## TITLE VII – SEX HARASSMENT AND DISCRIMIATION

37.     Plaintiff hereby incorporates paragraphs 1 – 36 of her Complaint.

38.     Defendant took adverse employment actions against Plaintiff because of her sex.

39.     Similarly-situated individuals who are not female have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

40.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT II
## TITLE VII – RETALIATION

41.     Plaintiff hereby incorporates paragraphs 1 – 40 of her Complaint.

42.     Plaintiff engaged in statutorily-protected activities, including complaining of Lundsford's harassment of her and filing a charge of discrimination.

43.     Defendant took adverse employment actions against Plaintiff in retaliation for her engaging in these statutorily-protected activities.

44.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by Title VII.

## COUNT III
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

45.     Plaintiff hereby incorporates paragraphs 1 – 44 of her Complaint.

46.     Defendant failed to provide Henry a reasonable accommodation or engage in the interactive process, despite Henry's requests.

47.     Defendant could have accommodated Henry without hardship.

48.     Defendant unlawfully terminated Henry because she was disabled.

49.     Defendant unlawfully retaliated against Henry for making requests for accommodation, complaining of harassment, and filing a charge of discrimination.

50.     Defendant's stated reasons for terminating Henry are pretextual.

51.     Defendant's discrimination of and retaliation against Henry was done in reckless disregard for Henry's federally protected rights.

52.     Defendant's actions caused Henry both emotional and economic harm.

53.     Defendant's intentional and unlawful employment actions have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

## COUNT IV
## NEGLIGENT HIRING AND RETENTION

54.     Henry incorporates paragraphs 1 – 53 of her Complaint as if they were set forth at length herein.

55.     Defendant has a duty of care to provide a safe and suitable work environment for its employees. *Brazil Block Coal Co. v. Hoodlet*, 129 Ind. 327 (Ind. 1891); *Columbian Enameling & Stamping Co. v. O'Burke*, 37 Ind. App. 518 (Ind. Ct. App. 1906). Defendant has a duty of care to guard against injury to its employees. *Shirley Hill Coal Co. V. Moore*, 181 Ind. 513 (Ind. 1914).

56.     Defendant breached its duty of care towards Henry by employing and continuing to employ individuals it knew or should have known engaged in sexual harassment in the workplace.

57.     Defendant knew, or had reason to know, that Lundsford had a propensity to harass female employees under his supervision.

58.     Defendant was negligent in continuing to employ Lundsford despite its knowledge of his dangerous and/or abusive propensities.

59.     Henry has suffered harm as a result of Defendant's breach of duty of care.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Marissa Henry, respectfully requests that this Court find for her and order that:

1.      Defendant be enjoined from future acts of discrimination, harassment and retaliation;

2.      Defendant pay lost wages and benefits to Plaintiff;

3.      Defendant pay compensatory and punitive damages to Plaintiff;

4.      Defendant pay pre- and post-judgment interest to Plaintiff;

5.      Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

6.      Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

## DEMAND FOR JURY TRIAL

Plaintiff, Marissa Henry, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin (7576-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, Second Floor
Indianapolis, Indiana  46204
Telephone:     (317) 955-9500
Facsimile:     (317) 955-2570
Email:          jhaskin@jhaskinlaw.com
Attorney for Plaintiff